No. 22518.

THE NATIONAL AUTOMOBILE UNDERWRITERS ASSOCIATION AND THE NATIONAL BUREAU OF CASUALTY UNDERWRITERS *v.* THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT AND THE HONORABLE RICHARD L. OTT, A JUDGE THEREOF.

(418 P.2d 52)

Decided September 19, 1966.     Rehearing denied October 3, 1966.

WHITE and STEELE, for plaintiffs.

JOHN S. CARROLL, HUBERT M. SAFRAN, DAVID HAHN, for defendants.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS is an original proceeding commenced in this court by the above-named plaintiffs by the filing of their complaint for the issuance of a rule to show cause directed to the above-named defendants.

It is alleged in the complaint that in proceedings before the Commissioner of Insurance of the State of Colorado, following a public hearing, an overall increase of about three per cent in casualty and automobile insurance rates was authorized. Included in the findings of the Commissioner was the following:

"The changes so approved shall be applicable to all new and renewal policies written on or after August 3, 1966, and to all policies written before August 3, 1966 which will become effective on or after October 1, 1966. No policy effective prior to August 3, 1966 shall be endorsed or cancelled and rewritten to take advantage of or to avoid the application of the filed changes except at the request of the insured and at the customary short rate charges as of the date of such request, but in no event prior to August 3, 1966."

At this hearing John S. Carroll, Hubert M. Safran and David J. Hahn appeared in opposition to the application for a rate increase by the above named plaintiffs.

A petition for rehearing was filed on July 26, 1966, and three days thereafter the Commissioner served upon Messrs. Carroll, Safran, and Hahn a request pertaining to the motion for rehearing in which he asked sixteen

questions for specific information about the claims of the protestants.

The complaint before us alleges:

"That about August 8, 1966 at 4:45 P.M. there was filed with the Commissioner a purported answer to request for additional information. Except for two or three instances there has been an evasion or failure to answer the requests for facts which were necessary for the petitioner [Commissioner] to understand the position of said individuals. The petition for rehearing has not been decided."

In this posture of the case before the Commissioner, Carroll, Safran, and Hahn filed an action against him in the district court of the City and County of Denver in which they sought an order vacating the order authorizing the increased insurance premium rates. In this action they sought, "To stay the defendant, J. Richard Barnes' order of July 21, 1966 pending judicial review, in accordance with C.R.S. (1963) 3-16-5 (5)." This section reads as follows:

"Upon a finding that irreparable injury would otherwise result, the agency, upon application therefor, shall postpone the effective date of the agency action pending judicial review, or the reviewing court, upon application therefor and regardless of whether such an application previously shall have been made to or denied by any agency, shall issue all necessary and appropriate process to postpone the effective date of the agency action or to preserve the rights of the parties pending conclusion of the review proceedings."

3-16-5 (8) contains the following:

"Upon a showing of irreparable injury, any court of competent jurisdiction may enjoin at any time the conduct of any agency proceeding in which the proceeding itself or the action proposed to be taken therein is clearly beyond the constitutional or statutory jurisdiction or authority of the agency. If the court finds that any proceeding contesting the jurisdiction or authority of the

agency is frivolous or brought for the purpose of delay, it shall assess against the plaintiff in such proceeding costs and a reasonable sum for attorneys' fees (or an equivalent sum in lieu thereof) incurred by other parties, including the state."

The district court, on the afternoon of August 19, 1966 (two days after the filing of the complaint) conducted a "hearing" on the application for a stay of execution, and at the conclusion thereof entered an order "That the stay of the order of the Commissioner of Insurance be, and the same hereby is, granted effective as of Monday, August 22, 1966 at 5:00 o'clock P.M."

It is alleged in the complaint before us that:

"* * * There was no evidence from which the Court could infer that irreparable injury would result to any of the insureds purchasing insurance from the members of the plaintiffs' organization. There was no finding or determination that the action taken by the Commissioner of Insurance was '**** clearly beyond the constitutional or statutory jurisdiction or authority of the agency.'* * *"

It is further alleged that:

"* * * It could not possibly be determined that any assured suffered any injury until there was a trial of the merits of the case and if the District Court affirmed the decision of the Commissioner of Insurance, the insureds would have suffered no loss and would have merely paid the premium approved by law; that if the Commissioner of Insurance is overruled and the previous rates were established then it would be very simple for the insurance company to pay to its insureds any excess premium paid. It is a pettifogging statement for an officer of the Court to say that there might be 50,000 lawsuits to recover back excess premiums. The insurance companies would simply and speedily return any excess premium. The Insurance Commissioner has authority to discipline any company that fails to apply the lawful rates as determined by the courts, and the Com-

missioner could deny reissuance of the license of any such company.

\* \* \*

"11. That if this stay is continued in force and if the courts sustain the Commissioner of Insurance there will be irreparable damage to the insurance companies and their agents. New contracts of insurance issued after August 3 will bear the old rate and that will be a contract between the insurer and the insured, and if any increase is later approved it will be impossible for the insurance company to recover the amount of increase in rate. If there is a decrease in the rate the question is whether or not the insured can recover from the insurance company the excess he has paid.

\* \* \*

"The Trial Judge entered no order requiring the plaintiffs to give security and has herein shown if the Commissioner's order is sustained by the Courts, the insurance companies and the agents will have suffered a pecuniary loss in that they will be unable to recover additional premiums if any are due, and have been put to great expense by reason of the order entered without adequate notice.

\* \* \*

"14. That the order of the defendant dated August 19 is void because there is no evidence to sustain the findings of fact; that the findings are not based upon evidence or the law; that the Court failed to provide for security or a bond to protect those persons who may suffer irreparable injury because of said order."

The above named defendants have filed an answer to the complaint upon which the rule to show cause issued, but nothing is contained in the answer which effectively destroys the validity of the contention of plaintiffs which is, in substance, that only the plaintiffs would suffer "irreparable injury" if the stay order entered by the district court is permitted to stand pending the entire

course of the litigation instituted by Messrs. Carroll, Safran, and Hahn.

■ The defendant district court and the judge thereof have not directed our attention to any evidence from which it could be inferred that Messrs. Carroll, Safran, and Hahn had suffered, or would suffer, irreparable injury unless the Commissioner's order was stayed. In the order entered by the trial judge there is no specific finding of any facts from which it could be concluded that irreparable injury would be sustained by any policyholder.

The plaintiffs in this action, and the insurance companies who constitute their membership, under the order of the Commissioner are entitled to a rate increase as of August 3, 1966. In the event that this increase is ultimately set aside then every policyholder would have a plain, speedy, and adequate remedy at law in that all excess premiums theretofore paid would be due as a refund. However, it is perfectly apparent that if the stay order remains in effect during the months which may be consumed in the ultimate disposition of this controversy, and in the further event that upon ultimate disposition the action of the Insurance Commissioner is upheld, the insurance companies would effectively be deprived of all right to the authorized increase for the period of time consumed in this litigation. In the event the order of the Insurance Commissioner is ultimately held to be invalid, there is ample authority in his office to require the immediate refund to all policyholders of any excess premiums collected by the insurance companies pursuant to his order of July 21, 1966.

The rule is made absolute.

MR. JUSTICE FRANTZ not participating.